UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDDIE H. BILLINGS, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-01108-WTL-TAB |
| | ) | |
| IRS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting *In Forma Pauperis* Status and Directing Plaintiff to Show Cause**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted**.

**II.**

**A.**

The complaint is now subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). This statute requires a court to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, to satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quotations omitted). Pro se complaints such as that filed by Mr. Billings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Applying these standards, the complaint must be dismissed for failure to state a claim upon which relief can be granted and for lack or jurisdiction. Mr. Billings alleges the following:

> IRS office of used through our California Branch and also our Indiana Branch I have filled out forms Since my last file's and they have went against all deduction of the GSA Gov Pendium do to Statons I had no receipt's now all these thing's would have been there I fill it the proceeding's would not have been dismissed and through out of these Court's this is against the Black Label Jurisdiction Law's

The Court cannot discern from the complaint the facts or basis of Mr. Billings' claim. He might be challenging the dismissal of some type of tax proceeding because he allegedly lacked certain receipts, but even that is unclear.

It is clear, however, that Mr. Billings' claim is brought against the IRS. An action against the IRS, a federal agency, is essentially one against the United States. The United States cannot be sued unless Congress has waived sovereign immunity. *United States v. Dalm,* 494 U.S. 595, 608

(1990). A taxpayer may bring a civil action against the United States in district court "only for improper tax collection, not for an incorrect assessment of tax liability." *Henry v. United States,* 276 Fed.Appx. 503, *2 (7th Cir. May 2, 2008); *Judicial Watch, Inc., v. Rossotti,* 317 F.3d 401, 411 (4th Cir. 2003); 26 U.S.C. § 7433. If Mr. Billings disagrees with a tax assessment, his remedy is to petition the Tax Court for a redetermination of any deficiency. *See* 26 U.S.C. § 6213(a). If a taxpayer wishes to bring a claim for unauthorized tax collection, he must first exhaust his administrative remedies within the Internal Revenue Service. *Gray v. United States,* 723 F.3d 795, 798 (7th Cir. 2013); 26 U.S.C. § 7433(d)(1). This Court lacks jurisdiction over any claim of improper tax assessment. Under these circumstances, it appears that the Court lacks subject matter jurisdiction over this action.

### C.

Accordingly, the plaintiff shall have **through August 17, 2015,** in which to **show cause** why this action should not be dismissed for lack of jurisdiction. Failure to do so will result in the dismissal of the action for lack of jurisdiction.

**IT IS SO ORDERED.**

Date: 7/20/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Eddie H. Billings, Jr.
520 E. Market Street
Indianapolis, IN 46204